DORSETT (MARSHALL v.).    See Case No. 9,128.

---

## Case No. 4,013.

### DORSEY v. CHENAULT.

[2 Cranch, C. C. 316.][1]

Circuit Court, District of Columbia. May 22. 1822.

PLEADING—VARIANCE—REPLEVIN—JUDGMENT.

1. An averment of a demise from year to year for three years at 120 dollars a year, is not supported by evidence of a demise from year to year for two years at 120 dollars a year, and for one year at 100 dollars a year.

2. If the jury find for the plaintiff in replevin upon the plea of "non dimisit modo et forma," the judgment must be for the plaintiff upon the whole case. although they find for the defendant upon the issue of "No rent arrear."

Replevin. The defendant [Elijah Chenault] made cognizance as bailiff of Robert Brocket, for rent arrear, averring that the plaintiff [Mial Dorsey] occupied the house for the space of three years ending on the 13th of April, 1819, under a demise from year to year at the rent of $120 a year; and because 250 dollars, part of 360 dollars for the rent aforesaid, for the three years ending as aforesaid, were due and in arrear, (the residue of the 360 dollars having been paid) he took the goods, &c.

The defendant pleaded: 1st. That the defendant did not take the goods, &c. for that cause, but of his own wrong. 2d. Non dimisit modo et forma. 3d. No rent arrear. Upon these pleas, issues were joined.

Upon the trial at last term, upon the issue of non dimisit, Mr. Taylor. for the plaintiff. contended that the evidence. which was of a demise from year to year for two years at 120 dollars a year,. and for one year at 100 dollars, did not support the averment in the cognizance. of a demise from year to year for three years at 120 dollars a year.

Mr. Swann. contra, contended that it was sufficient in order to support that issue on his part to prove a demise from year to year for two years at 120 dollars a year, and that the defendant had a right to recover for as many years as he could prove at 120 dollars per annum, not exceeding three years.

The court (Thruston, Circuit Judge. absent) instructed the jury, on the motion of the plaintiff's counsel. that the defendant must satisfy them, by the evidence, that the demise from year to year continued for three years at the annual rent 120 dollars; and that if the rent of one of the three years was at 100 dollars per annum. the demise was not supported as laid.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

The jury found verdicts for the plaintiff on the first and second issues with eight dollars damages on each issue; and verdict for the defendant on the third issue; and found the rent arrear to be $278.83. The defendant moved for a new trial, and the motion was adjourned to this term for argument and consideration.

Mr. Swann, for defendant.

If the defendant has a right to distrain, at all, he may recover for what is found due although less than the amount distrained for. 6 Bac. Abr. (Gwillin) 78, tit. "Replevin." As to the first issue (on the plea that the defendant did not take the goods for that cause.) If a man has taken a distress for a thing which he had no right to distrain for, but had a right to distrain for another cause, he may avow for this other cause; per Lord Chief Justice Holt in Greenvelt v. Burwell, Comyn, 78; King v. Dilliston, Carth. 44; Crowther v. Ramsbottom, 7 Term R. 654, 657, 658; Etherton v. Popplewell, 1 East, 142. As to the second issue (on the plea of non dimisit modo et forma.) Having proved a demise from year to year for two years at $120 per annum, and for one year at $100, we may recover for the two years at $120, under the demise as laid. Morris v. Gelder, 1 Ld. Raym. 317; Bac. Abr. "Replevin," K; Harrison v. Barnby, 5 Term R. 248; Forty v. Imber, 6 East, 434, 437. Upon the third issue, the jury, no doubt, were under a misapprehension that the defendant would be entitled to recover his rent although they found the issue of non dimisit for the plaintiff, otherwise it is probable they would have found that issue for the defendant. A parol lease for more than five years is void by the statute, but if there has been an occupation under such a lease, the courts have construed it to be a demise from year to year during the occupation. If we prove such an occupation for one year only, we have a right to recover for that year; and if the occupation be for three years, it is not necessary to avow for each year separately or to make three avowries.

Mr. Taylor and Mr. Mason, contra.

The first plea is, substantially, that the defendant took the goods of his own wrong, without such cause of taking as is set forth in the avowry; and the verdict upon the issue on that plea, being found for the plaintiff, is conclusive against the defendant in this action. The verdict upon the second issue (non dimisit), is not inconsistent with the verdict on the third (no rent arrear), for these might be rent arrear, but not under the demise laid in the avowry. Although a defendant in replevin may distrain for one cause, and avow for another, yet he must prove the cause for which he avows as it is laid. He must show not only that rent is arrear, but that it was due, at the time of the distress, under the demise averred in the avowry, or

his justification is not complete. Upon the issue of no rent arrear, the demise is not in issue; the plaintiff can controvert it only upon the plea of non dimisit. There must be a demise, or there could be no lawful distress. It was necessary, therefore, for the defendant to aver a demise, and to prove it as laid. Rent arrear alone is no justification.

THE COURT (THRUSTON, Circuit Judge, absent), having taken time to consider, was of opinion that the instruction which they gave to the jury at the trial was correct, and overruled the motion for a new trial. Judgment for the plaintiff.